### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RESOURCE CENTER FOR ) | |
| INDEPENDENT LIVING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 07-2217-JAR |
| ) | |
| ABILITY RESOURCES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the court upon plaintiff's Motion to Compel (Doc. 32). Defendants filed a response (Doc. 53) to which plaintiff has filed a reply (Doc. 81). As detailed below because plaintiff believes a discovery dispute no longer exists and because plaintiff did not comply with Fed. Rule Civ. P. 37 and D. Kan. Rule 37.2, plaintiff's motion and request for attorney's fees are denied.

**Discovery Dispute**

Plaintiff's Reply in support of its motion states:

> Based on the representations of defendants in their Response to to RCIL's Motion to Compel, as well as supplemented documents produced by defendants, RCIL believes there are no pending "disputes" over discovery at this time.[1]

However, plaintiff believes that certain responsive documents might no longer exist and "reserves the right to seek any and all appropriate remedies, including but not limited to appropriate remedies for spoilation of evidence."[2]

According to the information provided by plaintiff in its reply, and considering that no pending discovery "dispute" exists, the court denies plaintiff's motion as moot. To the extent

---

[1]Reply (Doc. 81) at p. 1.

[2]*Id.* at p. 2.

plaintiff seeks to preserve their right to file a separate motion regarding the spoilation issue, plaintiff is authorized to pursue such discovery during the parties' remaining discovery period.

**Sanctions**

Plaintiff's reply in support also seeks attorney's fees pursuant to Fed. Rule 37. Rule 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or required discovery is provided after the motion was filed, the court shall, after affording the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure . . . was substantially justified, or that other circumstances make an award of expenses unjust.

In their response, defendants contend:

> Furthermore, the defendants were in the process of working with Plaintiff to identify and produce the requested documents. By Plaintiff's own admission, it only brought this motion because if it had not done so it risked losing the right to do so later pursuant to D. Kan. Local Rule 37.1(b). It only did so to protect its interest. (Exhibit A.) Under these circumstances, Plaintiff has failed to show that the defendants have acted in bad faith. They have cooperated fully with Plaintiff's requests and will continue to do so throughout the course of litigation.[3]

Indeed, plaintiff's motion to compel states: "Pursuant to D. Kan. Local Rule 37.1(b), RCIL must file any motion to compel regarding defendants' responses within 30 days of service or else risk waiving its disagreement. To protect its interests, therefore, RCIL is filing the instant motion to compel regarding defendants' responses."[4]

Pursuant to Fed. R. Civ. P. 37, a motion to compel must include, "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to

---

[3]Response (Doc. 53) at p. 15.

[4]Brief in Support of Motion to Compel (Doc. 32) at Attachment 1 p. 2-3.

make the discovery in an effort to secure the information or material without court action." The court is unable to find such certification attached to the instant motion to compel.

In turn, D. Kan. Rule 37.2 provides in part that "[t]he court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." Local Rule 37.2 defines "a reasonable effort to confer" as requiring "more that mailing or faxing a letter to the opposing party." Instead it requires "that the parties in good faith converse, confer, compare views, consult and deliberate or in good faith attempt to do so."[5]

It appears plaintiff merely sent defendants a "golden rule letter" and found that because defendants' supplemental responses "did not fully address the issues raised by plaintiff" it filed the instant motion to compel.[6] While the court commends plaintiff for timely filing its Motion to Compel, an effort to meet the deadline imposed by Rule 37.1(b) does not relieve plaintiff of the duty to confer in good faith pursuant to D. Kan. 37.2. Indeed, "it is common practice for a party who may wish to file a future motion to compel but is not prepared to do so during the 30 day window afforded by D. Kan. Rue 37.1(b) to file a simple motion for extension of time before the deadline to file a motion to compel has expired."[7]

Here, the court is inclined to believe plaintiff did not comply with Fed. Rule Civ. P. 37 or D. Kan. Rule 37.2 and as a result finds sanctions pursuant to Rule 37(a)(4)(A) inappropriate.

Accordingly,

IT IS THEREFORE ORDERED plaintiff's Motion to Compel (Doc. 32) is denied as moot.

---

[5]D. Kan. Rule. 37.2.

[6]Brief in Support of Motion to Compel (Doc. 32) at Attachment 1 p. 2-3.

[7]*See ICE Corp. v. Hamilton Sundstrand Corp*., 2007 U.S. Dist. LEXIS 88352, at * 8 (D. Kan. Nov. 30, 2007).

IT IS SO ORDERED.

Dated this 9th day of January, 2008 at Topeka, Kansas.

                                      s/ K. Gary Sebelius
                                      K. Gary Sebelius
                                      United States Magistrate Judge