**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RESOURCE CENTER FOR INDEPENDENT LIVING, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.** 07-2217 JAR |
| **ABILITY RESOURCES, INC., MARY F. HOLLOWAY, MICHAEL A. KIRBY, JOEY ERDMAN, MARY J. EVANS, SHIRLEY GIEBER,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the court on Defendants' Motion for Leave to File Documents Under Seal (Doc. 94). Defendants' seek leave to file their Motion to Compel Discovery and the attendant Memorandum of Law along with Exhibits under seal.

Standing Order 07-03 provides in part:

> If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case…the ability to view sealed documents in that case…. The filing party shall then file its document(s) under seal.

The parties' own protective order seeks to protect from disclosure:

> Private information sought during discovery [which] may potentially include confidential financial and business records, and other private documents regarding parties' income, confidential matters concerning parties' trade secrets, procedures and training, the personnel files of current and/or former employees, documents concerning parties' income, net worth and income tax returns, and private information concerning third party

consumers that is potentially covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").[1]

The parties' protective order further provides that the following topics are confidential:

• confidential personnel and/or human resource files of current or former employees;
• non-public confidential consumer lists and related consumer information; and
• non-public confidential financial and/or tax records.[2]

As a general matter, the court is disinclined to seal an entire motion and supporting documents without a specific demonstration of why such an action is necessary. Indeed, "at whatever stage in the litigation" the party moving to file documents under seal "must demonstrate a public or private harm sufficient to overcome the public's right to access judicial records."[3] While plaintiff's counsel has indicated they do not oppose the requested relief, "[t]he fact that all litigants favor sealing the record is of interest, but not determinative."[4]

The court has reviewed the Motion to Compel and Memorandum in Support and cannot ascertain how either falls within the ambit of the parties' protective order. Upon the court's review, neither document discusses the types of private matters listed in the parties' protective order. While some of the Exhibits in support of the motion contain reference to such private matters, defendants have made no effort to distinguish between which Exhibits are actually confidential and which are not. As a result, the court finds defendants have failed to meet their burden to demonstrate that public access to their Motion to Compel, Memorandum in Support and supporting documents would create a public or private harm sufficient to overcome the public's right to access judicial records.

Accordingly,

[1] Protective Order (Doc. 21).
[2] *Id.*
[3] *Bryan v. Eichenwald*, 194 F.R.D. 650, 652 (D. Kan. 2000).
[4] *Id.*

IT IS THEREFORE ORDERED that defendants' Motion for Leave to File Documents Under Seal (Doc. 94) is denied without prejudice.

IT IS SO ORDERED.

Dated this 30th day of January, 2008, at Topeka, Kansas.

/s/ K. Gary Sebelius
K. Gary Sebelius
United states Magistrate Judge