lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RESOURCE CENTER FOR** ) <br> **INDEPENDENT LIVING, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **ABILITY RESOURCES, INC., et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | Case No. 07-2217-JAR |

## MEMORANDUM AND ORDER

Plaintiff Resource Center for Independent Living ("RCIL") brought suit against defendants, former employees of RCIL, alleging defendants conspired and committed tortious behavior while still in the employ of RCIL through their actions in forming Ability Resources, Inc. ("Ability Resources"), a company that would compete with RCIL in substantially the same field. This matter is before the Court on defendants' motion to dismiss plaintiff's claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 25). For the reasons explained in detail below, defendants' motion is denied.

**I.     Background**

Plaintiff's complaint states that RCIL is an independent living center that provides a wide array of services to individuals with disabilities, families, and communities to enhance independence and to promote individual choice. RCIL works to enhance the capacity of persons with disabilities to the maximum extent possible to control their lives and live independently. RCIL determines whether consumers are eligible for various services and provides independent

living counseling and targeted case management for individuals receiving those services. RCIL also serves as a payroll agent for self-directed attendant care services.

Defendant Ability Resources is a Kansas corporation. Defendant Mary Holloway is the former Executive Director and employee of RCIL. Defendants Michael Kirby, Joey Erdman, Mary J. Evans and Shirley Gieber are former Independent Living Counselors and employees of RCIL. Kirby also served as a Target Case Manager.

Plaintiff's complaint alleges six counts against defendants for: (1) unfair competition under the Lanham Act; (2) violations of the Computer Fraud and Abuse Act; (3) breach of the individual defendants' duty of loyalty (individual defendants only); (4) tortious interference with business expectancies or contractual relationships; (5) conversion; and (6) civil conspiracy. Defendants filed an answer on July 2, 2007, followed by the instant Motion to Dismiss filed September 28, 2007.

## II.     Motion to Dismiss

### A.  Timeliness of Motion

Defendants move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As noted above, defendants filed their Motion to Dismiss after filing their answer in this case. Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss.[1] However, because Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon which relief

---

[1]*See* Fed. R. Civ. P. 12(b) (a motion asserting defense of failure to state a claim "shall be made before pleading if a further pleading is permitted"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 300-301 (2d ed. 1990) ("[A] post-answer Rule 12(b)(6) motion is untimely.").

2

can be granted" within a Rule 12(c) motion for judgment on the pleadings,[2] the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c).[3]  The distinction between the two motions is purely formal, because the court must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion.[4]

In light of the above, the Court will treat defendants' post-answer Motion to Dismiss as if it had been styled a Rule 12(c) motion for judgment on the pleadings.

**B.  Standard**

*Rule 8*

Fed. R. Civ. P. 8(a) states that in any pleading that sets forth a claim for relief, a party must provide "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[5]  These requirements ensure that the complaint "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"[6]  The Supreme Court has noted that under the federal rules, liberal discovery procedures and summary judgment help "to define disputed facts and issues and to dispose of unmeritorious claims," while the "simplified notice pleading standard" merely

---

[2] Fed. R. Civ. P. 12(h).

[3] *Thomas v. Travnicek*, No. 00-3360-GTV, 2003 WL 22466194, at *1 (D. Kan. Aug. 15, 2003).

[4] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

[5] Fed. R. Civ. P. 8(a).

[6] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

represents the first step in a system "adopted to focus litigation on the merits of a claim."[7]

In setting forth what they believe the Rule 8 pleading standard entails, defendants cite the recent Tenth Circuit decision in *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*.[8]  In that case, the district court dismissed a pro se inmate litigant's amended 63-page multiple defendant complaint because the plaintiff failed to satisfy the Rule 8 requirement "to provide a clear and concise statement of each claim that identifies the constitutional right that allegedly has been violated and that includes specific facts alleging how the [d]efendant or [d]efendants linked to each claim personally participated in the asserted violation."[9]  Because the dismissal was with prejudice, the Tenth Circuit applied the so-called *Ehrenhaus* factors to determine whether such a sanction was warranted.[10]  In applying these factors, the court stated that the culpability of a pro se litigant for filing a "still-prolix amended complaint depends in great measure on the usefulness of the notice he or she received from the court about what is (and is not) expected in an initial pleading."[11]  In that case, the court held that the district court merely put the plaintiff on notice that he needed to present a short and plain amended complaint.[12]  Instead, the court held that the district court in that case could have included some "modest explanation, aimed at the lay person, describing what judges and lawyers mean when

---

[7]*Id*. at 512-14.

[8]492 F.3d 1158 (10th Cir. 2007).

[9]*Id*. at 1161.

[10]*Id*. at 1162 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (setting forth the criteria to include (1) the degree of actual prejudice to defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions).

[11]*Id*.

[12]*Id*.

speaking of a short and plain statement consistent with Rule 8."[13]

> For example, a district court might helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.[14]

While the above description is, "very basically put, the elements that enable the legal system to get weaving," it was not meant to be a legal standard applicable to a represented litigant, because counsel is expected to know the rules of pleading without personal notice or explanation by the court.[15] Thus, the Court applies the traditional legal standard for Rule 8 as set forth above, rather than the simplified explanatory language for pro se plaintiffs quoted by defendants.[16]

### *Rule 12(b)(6) and (c)*

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.[17] A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[18] "In other words, plaintiff must allege sufficient facts to state a

---

[13]*Id*.

[14]*Id*.

[15]*Id*. at n.5.

[16]Because the Court denies defendants' motion to dismiss, it does not discuss the *Erenhaus* factors.

[17]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[18]*Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing *Bell Atl. Corp. v. Twombly*, — U.S.—, 127 S. Ct. 1955, 1964-65 (2007)).

claim that is plausible—rather than merely conceivable—on its face."[19] The court makes all reasonable inferences in favor of plaintiff.[20] The court need not accept as true those allegations that state only legal conclusions.[21] Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved.[22]

**III.   Analysis**

   **A.   Lanham Act**

Count 1 of plaintiff's complaint alleges that defendants' use of the RCIL marks is in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a). "Section 43(a) of the Lanham Act, prohibiting the use of false designations of origin, protects against service mark infringement even if the mark has not been federally registered."[23] To prevail in an action for unfair competition under § 43(a), "a plaintiff must establish that (1) her mark is protectable, and (2) the defendant's use of [an identical or similar] mark is likely to cause confusion among consumers."[24] The categorization of a mark as protectable is a factual question.[25]

Defendants argue that plaintiff has failed to plead that it has a protected mark or

---

[19]*Id*. (quoting *Twombly*, 127 S. Ct. at 1974).

[20]*See Zinermon*, 494 U.S. at 118; *see also* Fed. R. Civ. P. 8(a).

[21]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22]*Id*. at 1110.

[23]*Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1215 (10th Cir. 2004) (quoting *U.S. Search, LLC v. U.S. Search.com, Inc.*, 300 F.3d 517, 522 (4th Cir. 2002)).

[24]*Id*. (quoting *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001)).

[25]*Id*. (citations omitted).

identified which marks, if any, defendants have infringed upon. While acknowledging that it must prove its marks are protectable in order to prevail, plaintiff contends that federal notice pleading does not require it to prove or allege in its complaint all facts necessary to so prevail.

Plaintiff's complaint alleges that it invested time and resources in creating and maintaining the goodwill associated with its trade name and trademarks, "RCIL" and "Resource Center for Independent Living;" that defendants utilized RCIL's name, marks and goodwill to the confusion of consumers; that confusion over defendant's use of RCIL's marks is likely; and that RCIL is being damaged by defendants' actions. Plaintiff's complaint does not make reference to a specific protectable mark, other than their trade name, RCIL, nor does it set forth facts alleging whether RCIL is a protected mark. Nevertheless, it would be improper at this time to dismiss plaintiff's claim because the complaint alleges that defendants created confusion concerning RCIL and Ability Resources by making claims to consumers that RCIL was changing its name to Ability Resources and that Ability Resources is a "sister" organization to RCIL. Liberally construing the complaint in favor of plaintiff, the Court finds that the foregoing is sufficient to put defendants on notice of the nature of the claims asserted and, if proved, could support a plausible claim of unfair competition under § 43(a). Whether RCIL will be able to prove that its mark is protected is a matter better suited for summary judgment after further discovery has been completed. Accordingly, defendant's motion to dismiss plaintiff's Lanham Act claim is denied.

### B.  Computer Fraud and Abuse Act

Plaintiff alleges that defendants violated Sections 1030(a)(4) and 1030(a)(5)(A)(ii) and (iii) of the Computer Fraud and Abuse Act ("CFAA"). Defendants argue that plaintiff has failed

to state a claim under the CFAA because it did not properly allege the requisite damage or loss as those terms are defined by the CFAA. Section 1030(g) of the CFAA provides, in relevant part, that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief," and "[a] civil action for violation of this section may be brought only if the conduct involves one of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B)."[26] Thus, a party bringing a civil action under the CFAA must allege both (1) a violation of one of the subsections of Section 1030(b) and (2) one of the listed factors in Section 1030(a)(5)(B)(i) - (v).[27] The factors in Sections 1030(a)(5)(B)(i) - (v) do not address prohibited conduct, but instead list specific forms of "damage" or "loss" that are "possible harmful results of violations of other parts of the statute."[28]

Here, plaintiff alleges that defendants intentionally accessed RCIL's protected computer, as defined by the CFAA, without authorization, and as a result of such conduct "caused damage to RCIL by, among other things, obtaining RCIL's confidential and proprietary information for the benefit of defendants' competing enterprise." Plaintiff's complaint seeks legal and equitable relief, as well as punitive damages. Viewing the allegations in the complaint in the light most favorable to plaintiff, it is claiming "loss to one or more persons during any 1-year period . . . aggregating at least $5,000 in value."[29] Plaintiff's allegations of loss consist of the loss of

---

[26]*See* 18 U.S.C. § 1030(g).

[27]*See C.H. Robinson Worldwide, Inc. v. Command Transp., LLC*, No. 05 C 3401, 2005 WL 3077998, at *2 (N.D. Ill. Nov. 16, 2005) (citation omitted).

[28]*Id*.

[29]*See* 18 U.S.C. § 1030(a)(5)(B)(i).

confidential and proprietary information for the benefit of defendants' competing enterprise. Other courts have held that allegations of loss similar to those alleged in plaintiff's complaint are sufficient to state a cause of action under the CFAA and defeat a motion to dismiss.[30] Accordingly, the Court finds that plaintiff has properly alleged "loss" under the CFAA based on its allegations of the loss of its confidential and proprietary information used to the detriment of plaintiff. Defendants' motion to dismiss plaintiff's CFAA claim is therefore denied.

### C.     Duty of Loyalty

Under Kansas law, agents are fiduciaries who must "act solely for the benefit of the employer in all matters within the scope of the employee's employment, and . . . avoid conflicts between their duty to the employer and their own self-interest."[31] The agent or employee has a duty to "act in good faith and with loyalty to further advance the interests of the principal."[32] By surreptitiously obtaining the employer's equipment, an employee has violated that duty of good faith and loyalty.[33] Similarly, an employee who competes with his principal while still employed violates his fiduciary duties.[34]

Defendants contend that they do not have enough information to be put on notice of how

---

[30]*See, e.g., C.H. Robinson Worldwide, Inc.*, 2005 WL 3077998, at *3; *Charles Schwab & Co., Inc. v. Carter*, No. 04 C 7071, 2005 WL 351929, at *3 (N.D. Ill. Feb. 11, 2005) (recognizing plaintiff had stated a claim under the CFAA when it alleged that defendant had acquired trade secrets that were later used to the detriment of plaintiff); *Pac. Aerospace & Elec., Inc. v. Taylor*, 295 F. Supp. 2d 1188, 1195 (E.D. Wash. 2003) (supporting an employer's use of the CFAA's Civil Remedies to sue former employees and their new companies who seek a competitive edge through wrongful use of information from the former employer's computer system).

[31]*Universal Engraving, Inc. v. Duarte*, 519 F. Supp. 2d 1140, 1155 (D. Kan. 2007) (citing *Fryetech, Inc. v. Harris*, 46 F. Supp. 2d 1144, 1152 (D. Kan. 1999)).

[32]*Id*. (citing *Henderson v. Hassur*, 594 P.2d 650, 659 (Kan. 1979)).

[33]*Id*.

[34]*Id*. (citing *Burton Enter. v. Wheeler*, 643 F. Supp. 588, 592 (D. Kan. 1986)).

they, individually or as a group, have incurred liability to plaintiff. The Court disagrees. Plaintiff's complaint alleges that, during their employment with RCIL, the individual defendants established a competing business and diverted RCIL's consumers and resources, including proprietary and confidential information, away from RCIL. RCIL alleges that several acts giving rise to its breach of loyalty claim occurred during the individual defendants' employment with RCIL, including, *inter alia*, (1) the development of hidden and surreptitious plans to compete with RCIL and to wrongfully appropriate RCIL opportunities and assets, confidential and proprietary information and equipment and resources for their benefit and the benefit of their competing business; (2) the formation of a competing enterprise, Ability Resources while still employed by RCIL and secretly funneling confidential and proprietary information and other assets from RCIL to give Ability Resources an unfair competitive advantage; and (3) while still employed by RCIL, defendants presented RCIL consumers with forms to switch from RCIL to Ability Resources. Plaintiff's complaint alleges more than sufficient facts to state a plausible claim for breach of the duty of loyalty. Defendants' motion to dismiss plaintiff's breach of loyalty claim is denied.

D.     **Tortious Interference**

In Kansas, a party who induces or causes a breach of contract without justification will be answerable for damages he or she causes.[35] Kansas also recognizes a cause of action for tortious interference with a prospective business advantage or relationship.[36] To recover damages on such a claim, plaintiff must establish:

---

[35] *Turner v. Halliburton Co.*, 722 P.2d 1106, 1115 (Kan. 1986).

[36] *Dodson Aviation, Inc. v. Raytheon Aircraft Co.*, 124 P.2d 1083 (Table), 2005 WL 3527064, at *8 (Kan. App. 2005) (citing *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130 (Kan. 2003)).

> (1) the existence of a business relationship or expectancy with the probabilty of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate result of defendant's misconduct.[37]

Defendants argue that plaintiff has not sufficiently alleged intentional misconduct that is necessary to establish the fourth element. To satisfy notice pleading requirements, Rule 8(a) does not require plaintiff to alleged detailed facts that establish its right to judgment.[38] Rather, plaintiff "must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."[39] Plaintiff alleges that defendants intentionally acted to induce or attempt to induce a breach of RCIL's contractual and business expectancies by such acts as forming a competing enterprise and presenting RCIL customers with forms to switch from RCIL to Ability Resources, which is sufficient to allege malice and intentional misconduct by implication.[40] Moreover, plaintiff's complaint alleges more than sufficient facts on the other elements to state a plausible claim for tortious interference that it will ultimately be required to prove. Thus, defendants' motion to dismiss plaintiff's tortious interference claim is denied.

### E. Conversion

---

[37]*Id*. (citing *Turner*, 722 P.2d at 1115).

[38]*See Blackwell v. Harris Chem. N. Am. Inc.*, 11 F. Supp. 2d 1302, 1307 (D. Kan. 1998); *see also Trevino v. Union Pac. R. Co.*, 916 f.2d 1230, 1234 (7th Cir. 1990).

[39]*Nwakpuda v. Falley's Inc.*, 14 F. Supp. 2d 1213, 1216 (D. Kan. 1998) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

[40]*OMB Police Supply, Inc. v. Elbeco, Inc.*, No. 00-2518-KHV, 2001 WL 681575, at *4 (D. Kan. May 11, 2001) (citation omitted).

In Kansas, a conversion is defined as an "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another."[41] Plaintiff's complaint alleges that all defendants converted RCIL's equipment and resources, including confidential and proprietary information, without authorization, for their own use. Plaintiff's complaint further alleges that defendant Mary Holloway converted over $64,000 in funds belonging to RCIL to her own use, and that defendant Shirley Gieber assumed, without authorization, use of RCIL's computer for her own use and benefit. The Court finds that these facts are sufficient to state a plausible cause of action against defendants for conversion. To require anything more would be to require more than the liberal notice pleading of Rule 8(a). As such, defendants' motion to dismiss plaintiff's conversion claim is denied.

### F.     Civil Conspiracy

To state a claim for civil conspiracy under Kansas law, plaintiff must allege: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful acts; and (5) damages as the proximate result thereof.[42] In addition, a civil conspiracy claim is not actionable without the commission of a wrong giving rise to a cause of action independent of the conspiracy claim.[43]

Defendants allege that plaintiff does not properly state a claim for civil conspiracy because there is no underlying unlawful act that would support a cause of action independent of

---

[41]*Muhl v. Bohi*, 152 P.3d 93, 101 (Kan. App. 2007) (quoting *Carmichael v. Halstead Nursing Ctr., Ltd.*, 701 P.3d 934, Syl. 2 (1985)).

[42]*Carson v. Lynch Multimedia Corp.*, 123 F. Supp. 2d 1254, 1261 (D. Kan. 2000) (citing *State ex rel. Mays v. Ridenhour*, 811 P.2d 1220) (Kan. 1991)).

[43]*Id*.

12

the conspiracy claim. The foundation of defendants' argument is that the independent tort claims fail as a matter of law. Because these claims are not dismissed, plaintiff has pled the commission of wrongs that give rise to five causes of action independent of the conspiracy claim.

Defendants also argue that the conspiracy count should be dismissed because plaintiff fails to plead any facts that show a "meeting of the minds" between the alleged co-conspirators. The Court disagrees. The complaint alleges that defendants developed hidden and surreptitious plans to compete with RCIL and to wrongfully appropriate RCIL opportunities and assets, confidential and proprietary information and equipment and resources, and that defendants conspired and took actions adverse to RCIL, including but not limited to forming a competing enterprise, Ability Resources. Paragraphs 18 through 30 detail defendants' actions. Plaintiff has pled sufficient facts indicating that the alleged co-conspirators had a "meeting of the minds." As with the conversion claim, to require anything more would be to require more than the liberal notice pleading of Rule 8(a). Consequently, defendants' motion to dismiss plaintiff's conspiracy claim is denied.

**IV.     Conclusion**

Because plaintiff has adequately stated claims for which relief can be granted, the Court finds that defendants' Rule 12(b)(6) Motion to Dismiss, which the Court construes as a Rule 12(c) motion for judgment on the pleadings, is denied in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 25) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of February 2008.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge