## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RESOURCE CENTER FOR
INDEPENDENT LIVING, INC.,

     *Plaintiff*,

vs.                                                               Case No. 07-2217-EFM

ABILITY RESOURCES, INC., et al.,

     *Defendants.*

## MEMORANDUM AND ORDER

     Defendants Mary F. Holloway ("Holloway"), Michael A. Kirby, Joey Erdman, Mary J. Evans and Shirley Gieber ("Individual Defendants") are all former employees of Plaintiff Resource Center for Independent Living ("RCIL"), where Holloway served as Executive Director. The Individual Defendants left RCIL and formed a new company, defendant Ability Resources, Inc. ("ARI"). RCIL brought suit against ARI and the Individual Defendants in a six count Complaint. This matter is presently before the Court on RCIL's Motion for Partial Summary Judgment against Holloway.[1] The Motion seeks Summary Judgment on RCIL's claims that Holloway is liable for conversion of RCIL's property (Count 5 of the Complaint) and that Holloway is liable for breach of the duty of loyalty to RCIL (Count 3 of the Complaint).

---

[1]Doc. 87.

RCIL's motion specifically does not seek judgment regarding an amount of damages, reserving that determination for later.

## Summary Judgment Standards

The Court is familiar with the standards governing the determination of summary judgment.  Summary judgment may only be granted where there is no doubt from the evidence that no genuine issue of material fact remains for trial and that the movant is entitled to judgment as a matter of law[2], with any evidence tending to show triable issues examined in the light most favorable to the nonmoving party.[3]  A genuine factual issue is one that can reasonably "be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party."[4]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case.[5]  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.[6]  Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[7]

---

[2]Fed. R. Civ. P. 56©).

[3]*Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984).

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[6]*Anderson*, 477 U.S. at 256.

[7]*Id.*

## Challenges to Plaintiff's Affidavit

As a preliminary matter, the Court must address matters raised by Holloway's Memorandum in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment.[8]  Therein, defendant Holloway challenges that the majority of the "facts" in Plaintiff RCIL's Statement of Undisputed Facts are unsupported, and that the motion itself should therefore be stricken *in toto*.  All but a handful of RCIL's Statement of Undisputed Facts in its Memorandum in Support of Motion for Partial Summary Judgment Against Defendant Mary F. Holloway[9] rely on an Affidavit of Special Agent William Halvorsen of the Kansas Bureau of Investigation, and attachments thereto.[10]

Some background is required to understand this dispute.  Holloway was charged by the Osage County (Kansas) Attorney with 12 counts of Theft from RCIL, and 12 related counts of Making False Information.[11]  These charges were supported by what is known as a Probable Cause Affidavit by KBI Special Agent William Halvorsen ("Halvorsen Affidavit").  Holloway contends that "[b]y its own terms and aversions the affidavit of Agent William R. Halvorsen is not predicated on personal knowledge."[12]  Accordingly, as to each of RCIL's Statements of Uncontroverted Facts which relies upon the Halvorsen Affidavit, Holloway neither admits nor

---

[8]Doc. 119.

[9]Doc. 88.

[10]Doc. 95, Attachments No. 1 and 2.  Document 95, consisting of 4 Exhibits filed in support of RCIL's Motion for Partial Summary Judgment, is a Sealed document, notwithstanding that much of what it contains is of public record in state court.  In deference to the order permitting them to be filed under seal, the Court will not quote from them at length in this Memorandum and Order, but it will refer to matters therein to which both parties have referred.

[11]Holloway's Statement of Uncontroverted Facts in her Response (Doc. 119) admits that she entered a plea of "no contest" to one count of theft and one count of felony making a false writing, and agreed to pay restitution.

[12]Doc. 119, p. 71.

denies such statement, but objects to the manner in which the fact has been alleged.  Referencing Fed. R. Civ. P. 56(e), and citing D. Kan. Rule 56.1(d), Holloway objects that the Halvorsen affidavit does not meet the requirement that affidavits supporting motions for summary judgment "shall be made on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence."[13]  Holloway further objects to Statements of Uncontroverted Facts or statements in the Halvorsen affidavit which rely upon information contained in documents attached to the affidavit, as failing to meet the local rule's requirement that "[w]here facts referred to in an affidavit or declaration are contained in another document, such as a deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document shall be attached."[14]  Holloway contends that the statements in the Halvorsen Affidavit are not based on Halvorsen's personal knowledge but on the knowledge of a "witness," and that statements based upon the referenced document fail to have a necessary foundation laid for the document, and the document produced.

At the summary judgment stage, the parties need not submit evidence in a form admissible at trial; however, the content or the substance of the evidence must be admissible.[15] To be relied upon in support or opposition to summary judgment, affidavits must be based upon personal knowledge, contain facts which would be admissible at trial, and demonstrate that the affiant is competent to testify regarding the matters contained therein.[16]  Hearsay testimony

---

[13]D. Kan. Rule 56.1(d).

[14]*Id.*

[15]*Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114 (10th Cir. 2005).

[16]*Conaway v. Smith*, 853 F.2d 789 (10th Cir. 1988).

which would be inadmissible at trial may not be included in an affidavit to support or oppose summary judgment, because a third party's description of another witnesses' supposed testimony is not suitable for summary judgment.[17]  Generalized, unsubstantiated, nonpersonal affidavits are also insufficient to successfully support or oppose a motion for summary judgment.[18]

Holloway objects that the Halvorsen Affidavit was prepared for other purposes – to establish probable cause for a criminal action in state court, and that it was not based on the affiant's personal knowledge.  The first complaint is of no moment; an affidavit on file may be considered by the court regardless of the purpose for which it was prepared.[19]  Regarding the personal knowledge issue, the Court has reviewed the Halvorsen Affidavit and concludes that while there is some merit to Holloway's complaint, the affidavit demonstrates that much of the matters set forth therein are in fact based upon Special Agent Halvorsen's personal knowledge, from his review of the documents attached to the affidavit.  The affidavit demonstrates that he personally examined the financial records produced pursuant to the subpoena issued by the District Court of Osage County, Kansas.  At trial, he could lay a foundation adequate to support his testimony regarding the matters contained in those documents.  As to those matters, Holloway's objections are overruled.[20]

However, as noted, Holloway also objects to reliance upon the attached documents as lacking the appropriate foundation to be considered in support of RCIL's motion for partial

---

[17]*Thomas v. Int'l Bus. Mach.*, 48 F.3d 478 (10th Cir. 1995).

[18]*Id.*

[19]10A Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2722 at 378 (3d ed. 1998).

[20]In its decision in *Bryant*, at 1123, the Tenth Circuit addressed a similar set of facts and concluded that the personal knowledge requirement was met.

summary judgment.  The Rule requires that where "a paper or part of a paper is referred to in an

affidavit, a sworn or certified copy must be attached to or served with the affidavit."[21]  While

several cases discuss the failure of this requirement, a clear statement of what is required to

comply with it is harder to come by.  However, this Court has previously held that business

records which would be admissible at trial under the exception to the hearsay rule for business

records could also be relied upon in support of a motion for summary judgment if authenticated

by a person through whom the records could be admitted into evidence at trial.[22]  Documents

obtained in response to discovery requests are properly relied upon in support or opposition to a

motion for summary judgment, so long as they can be authenticated by an affiant with personal

knowledge of where the document originated.[23]  The Court finds that the documents attached to

the Halvorsen Affidavit are authenticated by that affidavit's description of how the affiant

obtained the documents pursuant to Osage County District Court subpoena, and of how Special

Agent Halvorsen reviewed and summarized those documents himself.

There are matters set forth in the Halvorsen Affidavit which clearly are not based on the

affiant's personal knowledge nor upon his review of the attached documents.  These are matters

regarding the operation of RCIL and the duties of the various Individual Defendants at RCIL.

These matters were obviously reported to Special Agent Halvorsen by others, and while

appropriately included in a probable cause affidavit, they are not appropriate support for a

---

[21]Fed. R. Civ. P. 56(e)(1).

[22]*Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1191 (D. Kan. 2002);  *IBP, Inc. v. Mercantile Bank of Topeka, et al.*, 6 F. Supp.2d 1258, 1263 (D. Kan. 1998).

[23]*See, Anderson v. Cramlet*, 789 F.2d 840, 845 (10th Cir. 1986).  *See also, Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1551 (9th Cir. 1990).

motion for summary judgment.  The Court will not make a detailed review of the Halvorsen Affidavit to identify the portions which are based on personal knowledge, and are therefore proper support for RCIL's Motion for Partial Summary Judgment, and those portions which are not, but the Court has made those distinctions in its subsequent rulings.


## <u>Conversion</u>

Plaintiff seeks summary judgment regarding defendant Holloway's liability for conversion against RCIL, as alleged in Count 5 of its Complaint.

Conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the other's rights.[24]  An action may properly lie for conversion of specific property, including even for commercial paper such as a check,[25] but money generally may not be the subject of an action for conversion unless the money in question relates to misappropriated funds placed in the custody of another for a definite application.[26]  An action will not properly lie for conversion of a mere debt or chose in action.[27]  Therefore, if there is no allegation of an obligation to return identical money, but only an allegation regarding ordinary indebtedness, then an action for conversion of mere funds representing the indebtedness will not lie against the debtor.[28]

---

[24]*Bomhoff v. Nelnet Loan Servs., Inc.*, 279 Kan. 415, 421, 109 P.3d 1241 (2005), *Moore v. State Bank of Burden*, 240 Kan. 382, 729 P.2d 1205 (1986).

[25]*Carmichael v. Halstead Nursing Ctr., Ltd.*, 237 Kan. 495, 701 P.2d 934 (1985).

[26]*In re Ogden*, 314 F.3d 1190 (10th Cir. 2002), *citations omitted.*

[27]*Temmen v. Kent-Brown Chevrolet Co.*, 227 Kan. 45, 50, 605 P.2d 95, 99 (1980).

[28]*Id.  See also John Harl Campbell, L.L.C. v. Avid Outdoor, L.L.C.*, 2005 WL 2416073 (Kan. Ct. App. Sept. 30, 2005).

Plaintiff's Complaint at Count 5 claimed that defendants had unlawfully and wrongfully assumed control over RCIL's property and that RCIL had the right to recover possession of its property.  The character of nature of the property was not identified, and in their Answer Defendants responded that they had "no idea what property is being claimed at issue by the Plaintiff . . . ."[29]  RCIL's Memorandum in Support of Motion for Partial Summary Judgment[30] identified the property, for purposes of the motion at least, as "substantial funds rightfully belonging to RCIL" and as "several thousand dollars."[31]  It appears that RCIL's claim, at least for which it presently seeks summary judgment, is only for a sum of money generally, and not for specific money to be kept intact and delivered, nor for specific funds to be segregated for a definite application.

The nature of the property claimed to have been converted in RCIL's Motion for Partial Summary Judgment (Doc. 87)  and Memorandum in Support (Doc. 88) is not the type of property amenable to the tort of conversion.  RCIL's Motion for Partial Summary Judgment regarding defendant Holloway's liability for conversion of RCIL's property is therefore denied.

## **Duty of Loyalty**

RCIL seeks summary judgment regarding Mary Holloway's breach of her duty of loyalty to RCIL, as alleged in Count 3 of the Complaint. RCIL's Complaint, Count 3, "Breach of Duty of Loyalty" alleges that defendants owed a duty of loyalty to RCIL and "were obligated to make full disclosure of all material facts of their conflicting interests and competitive activities" and

---

[29]Doc. 11, ¶¶ 63, 64.

[30]Doc. 88.

[31]Doc. 88, page 20.

that they breached that duty "by misappropriating RCIL's confidential and proprietary information and assets and by diverting consumers and business opportunities from RCIL to Ability Resources."[32]  Plaintiff seeks "disgorgement of compensation paid to these defendants while they were in breach of their duty of loyalty, and an accounting and disgorgement of profits to them and/or Ability Resources."[33]

The existence and scope of an employee's duty of loyalty to an employer is the subject of some dispute, with some courts holding that a claim arising out of disloyalty must be based on a breach of fiduciary duty (not all employee - employer relationships create a fiduciary relationship), and others holding that every employee has "a separate and enforceable duty of loyalty or fidelity to his or her employer."[34]  Kansas Courts have had very little direct discussion concerning the "duty of loyalty" of an employee.  *Bessman v. Bessman*,[35] cited by RCIL in its brief, actually dealt with a much narrower issue – the faithless servant defense to claims for unpaid salary or compensation otherwise earned.  The *Bessman* Court noted that the rule that an agent or employee of another was bound to exercise utmost good faith and loyalty in the performance of his duties "seemed to be a well established principle of law supported by courts and text writers and we have not been cited to nor do we find any authorities contra" although it also noted the lack of Kansas cases addressing the duty of loyalty owed by an agent in an ongoing ordinary employment relationship.[36]  It did note, however, that Kansas has "repeatedly

---

[32]Doc. 1, ¶¶48, 49.

[33]*Id.*

[34]19 Williston on Contracts § 54:26 (4th ed.).

[35]214 Kan. 510, 520 P.2d 1210 (1974).

[36]*Id.* at 519, 520 P.2d at 1217.

held that an agent who realizes a secret profit through his dealings on behalf of his principal not only must disgorge the profit but forfeits the compensation he would otherwise have earned [citations omitted]."[37]  Like *Bessman*, the seminal Kansas case cited in this area from 1872[38] also dealt with the narrower issue of the faithless servant doctrine as a defense to a claim for unpaid compensation.  One Kansas case[39] found a fiduciary duty owed by an agent (not in an ordinary employment situation) to the principal required the agent to account to the principal for the entire amount of an undisclosed profit, referencing a duty of loyalty in that relationship as follows:  "In all business transactions affecting the subject matter of an agency, it is the duty of the agent to act in good faith and with loyalty to further advance the interests of the principal."[40]

The facts plead and claims asserted in this case do not involve claims and defenses for unpaid wages, nor claims for disgorgement of profits realized during the period of the agency relationship.  When the issue presented has not been addressed by the state's highest court, the federal court must determine what decision the state court would make if presented with the same facts and issues.[41]

A remarkably similar situation to the instant one was faced by this Court in *Burton Enterprises, Inc. v. Wheeler*.[42]  As there, the Court here agrees that if presented with the right set of facts and issues, Kansas courts would extend the doctrine articulated in its cases set out above

---

[37]*Id.* at 521, 520 P.2d at 1218.

[38]*Sumner v. Reicheniker*, 9 Kan. 320, 1872 WL 630 (1872).

[39]*Henderson v. Hassur*, 225 Kan. 678, 594 P.2d 650 (1979).

[40]*Id.* at 687, 594 P.2d at 658-59 [citations omitted].

[41]*Rash v. J.V. Intermediate, Ltd.*, 498 F.3d 1201, 1206 (10th Cir. 2007).

[42]643 F. Supp. 588 (D. Kan. 1986).

to, at a minimum, find that an employee such as Holloway who was in a senior executive position with RCIL[43] owed a fiduciary duty to her employer to act in good faith and with loyalty to advance the interests of her employer.  Indeed, it does not appear that Holloway denies that she owed a duty of loyalty to RCIL during the time she was employed by them; such a duty is alleged in ¶48 of Plaintiff's Complaint,[44] and Defendants' (including Holloway) Answer,[45] while denying any *breach* of such duty, does not deny the *existence* of such duty.

The Court is also of the opinion that, if presented with this set of issues and facts, the Kansas courts would also find that a senior executive such as Holloway would breach her duty of loyalty to her employer if, during the period of such employment, the employee engaged in competing businesses with the employer, or assisted businesses competing with the employer, or impermissibly made preparations to compete with her employer.[46]  In a similar case,[47] where employees of a company left to form a new, competing company, this Court has held that the former employees/officers of the plaintiff company were in an agency relationship with that company during the period of their employment, that as such they had a duty to act with the

---

[43]RCIL's Statement of Undisputed Facts in its Memorandum in Support of Motion for Partial Summary Judgment (Doc. 88) alleges, at ¶ 4, that Holloway was the CEO of RCIL.  Holloway's response (Doc. 119), as is the case with most of her responses to the Undisputed Facts proffered by RCIL, neither admitted nor denied but objected to the manner in which the fact was alleged.  The Court has already addressed such objections earlier in this Memorandum and Order.  As to this assertion, the Court finds that affiant Special Agent Halvorsen has made no showing that he had personal knowledge of Holloway's employment duties with RCIL, and therefore Holloway's objection to this statement of fact is sustained.  Nevertheless, Holloway has essentially admitted this in the Answer to RCIL's Complaint herein (see ¶ 3 of Complaint [Doc. 1] and Answer [Doc. 11], so the Court has accepted this assertion as true.

[44]Doc. 1.

[45]Doc. 11.

[46]Restatement (Third) of Agency §8.04 (2005).

[47]*FryeTech, Inc. v. Harris*, 46 F. Supp. 2d 1144 (D. Kan. 1999).

utmost good faith and loyalty for the furtherance of the interests of their principal (the employer), a duty to avoid conflicts between their duty to the employer and their own self interest, and that where they had acquired their employer's equipment through surreptitious means during their employment, they had violated their duty of good faith and loyalty.[48]  It has been stated as a general principle of law that "employees may not conspire to establish a competing business while they are still working for their employer."[49]  The Court believe that faced with this issue, Kansas courts would so hold.[50]

RCIL's Complaint contained factual allegations that the Individual Defendants, including Holloway, made preparations for such competition while employed at RCIL.  However, the instant Memorandum in Support of Motion for Partial Summary Judgment Against Defendant Mary F. Holloway[51] does not proffer any undisputed facts regarding this matter.  Accordingly, Holloway had no duty to rebut or respond to such factual assertions here.  In the absence of any presentation of uncontroverted facts addressing this issue, the Court is unable to grant RCIL Summary Judgment regarding Holloway's breach of her duty of loyalty to RCIL arising from actions taken to compete, or to prepare to compete, with RCIL.

Instead, RCIL's instant pleadings ask that the Court grant it summary judgment regarding Holloway's breach of her duty of loyalty to RCIL, pursuant to Count 3 of the Complaint, because Holloway stole thousands of dollars from RCIL.  Plaintiff's Statement of

---

[48]*Id.* at 1151-52.

[49]19 Williston on Contracts § 54:27 (4th ed.)

[50]*Accord, Rash v. Intermediate, Ltd, supra; In re Prof. Home Health Care, Inc.*, 159 Fed. Appx. 32 (10th Cir. 2005).

[51]Doc. 86.

Uncontroverted Facts goes into great detail regarding such thefts.  Because Defendant Holloway does not attempt to rebut such statements, but only objects to the manner in which they are asserted (which objections the Court has overruled), the Court finds that RCIL has established as a matter of undisputed fact that Holloway did in fact steal money from RCIL.  The Court might be willing to assume that such theft is a breach of an agent/employee's duty of loyalty to the principal/employer, although it has been cited no law in support of that proposition.  However, the Court cannot grant RCIL summary judgment against Holloway for breach of duty of loyalty to RCIL on account of such theft, pursuant to Count 3 of the Complaint, because RCIL has not pleaded such theft as a breach of the duty of loyalty.  Instead, as noted, in Count 3 Plaintiff RCIL pleaded breach of the duty of loyalty due to conflicting interests and competitive activities, as well as misappropriation of confidential and proprietary information and business opportunities.  RCIL's instant pleadings proffered no facts or evidence regarding matters underlying its claims at Count 3.

Therefore, the Court cannot grant RCIL summary judgment for its claims under Count 3 of its Complaint.  No facts or evidence has been proffered in support of the claim there made, and no claim has been filed against defendants for the theory presented for breach of duty of loyalty here.  The Court does not believe that it can or should, and in any event declines to, grant summary judgment on theories of fact and law at variance from those pleaded in the Plaintiff's Complaint.

IT IS THEREFORE ORDERED that Plaintiff RCIL's Motion for Summary Judgment regarding Mary Holloway's liability for conversion of RCIL's property (Doc. 87) is denied.

IT IS FURTHER ORDERED that Plaintiff RCIL's Motion for Summary Judgment

regarding Mary Holloway's liability for breach of her duty of loyalty to RCIL(Doc. 87)  is

denied.

      IT IS SO ORDERED.

      Dated this 29th day of December, 2008.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE
